﻿Citation Nr: AXXXXXXXX
Decision Date: 06/18/19 Archive Date: 06/18/19

DOCKET NO. 181217-2918
DATE: June 18, 2019

ORDER

Entitlement to a 10 percent evaluation for hypertension is granted.

FINDING OF FACT

The Veteran’s hypertension requires continuous medication to control.

CONCLUSION OF LAW

The criteria for a 10 percent rating for hypertension have been met. 38 U.S.C. §§ 1155, 5103A, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.6, 4.7, 4.10, 4.45, 4.104, Diagnostic Code (DC) 7101.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from August 1974 to August 1977, and from January 2003 to March 2004. The VA received the Veteran’s claim for an increased rating for his service-connected hypertension in August 2015. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form in July 2018. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. In December 2018, the Veteran requested direct review of this evidence. As explained in the December 2018 RAMP selection form, “direct review” means that the Board’s decision must be based upon the evidence of record at the time of the RAMP rating decision, with no evidence submission or hearing request. As such, the Board may only consider, and has only considered, the evidence of record at the time of the October 2018 RAMP decision.

Disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4.

Hypertension is rated under DC 7101. To warrant a 10 percent rating, the evidence must show:

• diastolic pressure predominantly 100mm or more;

• systolic pressure predominantly 160mm or more; or

• a history of diastolic pressure predominantly 100mm or more and requiring continuous medication for control.

A 20 percent rating is warranted for diastolic pressure predominantly 110mm or more, or systolic pressure predominantly 200mm or more. A 40 percent rating is warranted for diastolic pressure predominantly 120mm or more.

The Board has reviewed the relevant evidence of record, including VA examination reports from September 2015 and June 2017 and VA outpatient treatment records. This evidence confirms that the Veteran has been prescribed continuous medication for his hypertension. It is not clear from the evidence whether the Veteran’s diastolic pressure would have historically been predominantly 100mm or more absent such medication, but the Board has resolved all doubt in the Veteran’s favor and determined that, on account of the medication, a minimum evaluation of 10 percent is warranted. There is no evidence of record of diastolic pressure at 110mm or higher, or systolic pressure of 200mm or higher. There accordingly exists no basis for an even higher rating. Rather, a 10 percent rating, and not more, is warranted in this case. To this extent, the appeal is granted. 

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017). Notably, the evidence and contentions of record do not suggest that a claim for a total disability rating based on individual unemployability has been raised in this case. Rice v. Shinseki, 22 Vet. App. 447 (2009).

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Evan Thomas Hicks

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.